IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David G. Laporte, )<br><br>     Plaintiff, )<br><br>  vs. )<br><br>R. L. Turner, Disciplinary Hearing )<br>Officer at Perry Correctional )<br>Institution, in his individual capacity, )<br><br>     Defendant. )<br>_____) | Civil Action No. 6:05-0456-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion for summary judgment. The plaintiff, a state prisoner who is proceeding *pro se*, alleges his civil rights were violated while he was incarcerated at Perry Correctional Institution ("Perry").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On May 31, 2005, the defendant filed a motion for summary judgment. By order filed June 3, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendant's motion on July 5, 2005. The defendant filed a reply memorandum on July 12, 2005, and the plaintiff filed a sur-reply on July 21, 2005.

## **FACTS PRESENTED**

On June 1, 2004, the plaintiff, a general population inmate, was delivering books to the Special Management Unit ("SMU") at Perry. Corrections Officer J. Williams found tobacco products in the books that were being delivered by the plaintiff. According to the incident report. Officer Williams found six packs of tobacco rolls in white writing paper (def. m.s.j., ex. 3). The South Carolina Department of Corrections policy provides that tobacco products are prohibited in the SMU. In pertinent part, the policy states:

> **SMOKING**: Inmates will **NOT** be allowed to smoke or have in their possession matches, lighters, or tobacco products or paraphernalia. Such items will be considered as unauthorized property and will be handled in accordance with Agency inmate disciplinary procedures. . . .

(Def. m.s.j., ex. 1, OP -22.12(24), "Special Management Unit") (emphasis in original). The plaintiff was charged with possession of contraband (def. m.s.j., ex. 2). He was provided with written notification of the charge on June 4, 2004 (def. m.s.j., ex. 2).

A hearing was conducted on June 25, 2004. The sole defendant in this case, R.L. Turner, served as the disciplinary hearing officer for that hearing. Turner concluded that the plaintiff was guilty of the charge and imposed the following sanctions: 90 days loss of canteen privileges; 60 days in disciplinary detention, and 90 days suspension of contact visits (def. m.s.j., ex. 2).

The plaintiff appealed his disciplinary conviction, and the warden reversed the conviction. The conviction was reversed because under SCDC policy, the disciplinary hearing must be held within 21 days from the date the charge is entered into the Offender Management System. In this case, the hearing was held on the 22nd day after the date the charge was entered into the system. Accordingly, the warden reversed the plaintiff's disciplinary conviction (def. m.s.j., ex. 3 at 2).

2

In his complaint, the plaintiff seeks a declaratory judgment that the defendant violated his "substantive due process right to advance fair notice that his act was prohibited," as well as compensatory and punitive damages (comp. 8-9).

## APPLICABLE LAW

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific,

3

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## ANALYSIS

The plaintiff's sole claim is that his substantive due process rights were violated because he "was denied advance fair notice that his act was prohibited by the [d]efendant" (comp. ¶ 18; pl. resp. m.s.j. 8). The plaintiff complains that the defendant knew or should have known that SCDC policy required advance fair notice to be given to him of the prohibited act, and he should have produced a copy of the policy to the plaintiff when he asked for it (pl. resp. m.s.j. 3).

SCDC's policy provides that possession of tobacco products is not allowed in SMU. The plaintiff apparently contends that the policy is ambiguous in that it is not clear that general population inmates who are working in the SMU are required to comply with the rules for SMU. As noted by the defendant, to so construe the policy would create an opportunity for general population inmates to smuggle tobacco products to SMU inmates. At the time of the incident, the plaintiff was told by the correctional officer that he was being charged with possession of contraband because he had tobacco in his possession while

4

in the SMU unit (comp. ¶ 7). The plaintiff does not appear to claim that he had never been given a copy of the SCDC policy. Rather, he claims that the policy did not prohibit a general population inmate from having tobacco, which is sold in the canteen, while working in SMU, and when he demanded a copy of the policy after being charged, he was not given a copy (comp. ¶ 13). The plaintiff was notified in writing on June 4, 2004, three days after the incident, that he was being charged with the disciplinary infraction of being in possession of contraband. The defendant is a disciplinary hearing officer, and there is no indication that it was his responsibility to communicate policy to the plaintiff. Furthermore, the plaintiff's disciplinary conviction was reversed because his hearing was a day late under SCDC policy. The plaintiff's injury, at most, is *de minimis*. Based upon the foregoing, the plaintiff's complaints do not rise to the level of a constitutional violation.

The defendant also argues that he is entitled to qualified immunity. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for

5

official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609.  If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

In this case, as set forth above, the plaintiff has failed to demonstrate that the defendant disciplinary hearing officer violated any of his constitutional rights.  Therefore, the defendant is entitled to qualified immunity.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment be granted.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

November 22, 2005

Greenville, South Carolina