**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| David G. Laporte,<br><br>        Plaintiff,<br><br>    v.<br><br>R.L. Turner, Disciplinary Hearing Officer at Perry Corr. Institution, in his individual capacity,<br><br>        Defendant. | C/A No. 6:05-cv-0456-GRA-WMC<br><br>ORDER |

      This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed November 22, 2005. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. The magistrate recommends that Defendant's motion for summary judgment be granted.

      Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

      The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with

making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections to the Report and Recommendation on December 2, 2005.

Plaintiff's first objection to the Report and Recommendation, merely restates a claim contained in his original Complaint. Plaintiff states that the magistrate erred in failing to find that the Plaintiff was denied advance fair notice, that his act was prohibited. The magistrate found that the Plaintiff's injury, at most, was *de minimis* and failed to rise to the level of a constitutional violation. After a review of the record, we agree with the magistrate. Therefore the Plaintiff's objection is without merit.

Plaintiff's second objection states the magistrate erred in finding the Defendant was entitled to qualified immunity. Plaintiff claims that he had a clearly established constitutional right to advance fair notice that his act was prohibited. As stated above, the Plaintiff's claim has failed to rise to the level of a constitutional violation. We agree that the Defendant is entitled to qualified immunity. Therefore the Plaintiff's second objection fails.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment be

GRANTED.

    IT IS SO ORDERED.

                                            G. ROSS ANDERSON, JR.
                                            UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December 5, 2005

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.